FILED
CLERK, U.S. DISTRICT COURT
6/26/2025
CENTRAL DISTRICT OF CALIFORNIA
BY: ASI    DEPUTY

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

October 2024 Grand Jury

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>VEGEN HARTOONIAN,<br>MARK ANTHONY QUITUGUA,<br>JOSE ARVISO,<br>SANJAY VARMA, and<br>JUAN NUNEZ,<br><br>    Defendants. | CR 2:25-cr-00527-HDV<br><br>I N D I C T M E N T<br><br>[18 U.S.C. § 371: Conspiracy to Commit Mail Theft; 18 U.S.C. § 641: Theft of Government Property in Excess of $1,000; 18 U.S.C. § 1708: Possession of Stolen Mail; 18 U.S.C. § 1029(a)(3): Possession of Fifteen or More Unauthorized Access Devices; 18 U.S.C. § 1028A(a)(1): Aggravated Identity Theft; 18 U.S.C. § 1029(a)(5): Illegal Transaction with Access Devices; 18 U.S.C. § 981(a)(1)(C), 18 U.S.C. § 982(a)(2), 18 U.S.C. § 1029, and 28 U.S.C. § 2461(c): Criminal Forfeiture] |

The Grand Jury charges:

//

//

COUNT ONE

[18 U.S.C. § 371]

[ALL DEFENDANTS]

A. OBJECTS OF THE CONSPIRACY

1. Beginning on an unknown date, but no later than on or about September 2, 2023, and continuing through at least on or about November 22, 2024, in Los Angeles County, within the Central District of California, and elsewhere, defendants VEGEN HARTOONIAN ("HARTOONIAN"), MARK ANTHONY QUITUGUA ("QUITUGUA"), JOSE ARVISO ("ARVISO"), SANJAY VARMA ("VARMA"), and JUAN NUNEZ ("NUNEZ"), together with others known and unknown to the Grand Jury, conspired and agreed with each other to knowingly and intentionally commit offenses against the United States, namely, mail theft and possession of stolen mail, in violation of Title 18, United States Code, Section 1708, and theft of government property, in violation of Title 18, United States Code, Section 641.

B. THE MANNER AND MEANS OF THE CONSPIRACY

2. The objects of the conspiracy were to be accomplished, in substance, as follows:

(a) Defendants HARTOONIAN, QUITUGUA, ARVISO, VARMA, NUNEZ, and others known and unknown to the Grand Jury, would rent vehicles and/or use rented vehicles or their own vehicles to follow postal vehicles that were used by United States Postal Service ("USPS") mail carriers to deliver mail.

(b) When a postal carrier exited a postal vehicle to deliver mail, defendants HARTOONIAN, NUNEZ, and others known and unknown to the Grand Jury, would break into the postal vehicle and drive away.

2

      (c)  Defendants HARTOONIAN, NUNEZ, and others known and unknown to the Grand Jury, would drive the stolen postal vehicle to another location.

      (d)  Defendants QUITUGUA, ARVISO, and others known and unknown to the Grand Jury, would use a different vehicle to follow the postal vehicle to the new location.

      (e)  While at the new location, defendants HARTOONIAN, ARVISO, NUNEZ, and others known and unknown to the Grand Jury, would steal mail and other items of value from the vehicle.

      (f)  Defendants HARTOONIAN, QUITUGUA, ARVISO, NUNEZ, and others known and unknown to the Grand Jury, would then enter a separate vehicle and drive away, thereby abandoning the stolen postal vehicle.

C. <u>OVERT ACTS</u>

3.  On or about the following dates, in furtherance of the conspiracy and to accomplish its objects, defendants HARTOONIAN, QUITUGUA, ARVISO, VARMA, and NUNEZ, together with others known and unknown to the Grand Jury, committed and caused to be committed various overt acts, within the Central District of California and elsewhere, including, but not limited to, the following:

<u>Overt Act No. 1</u>:  Defendant HARTOONIAN rented a Dodge Caravan bearing California license plate 8NLT844 (the "Dodge") from on or about September 18, 2023, through on or about October 17, 2023.

<u>Overt Act No. 2</u>:  On September 30, 2023, defendant HARTOONIAN participated in the theft of Postal Vehicle 1263392 in Culver City, California, which was then driven to a separate location by HARTOONIAN or other co-conspirators.

<u>Overt Act No. 3</u>:   On September 30, 2023, defendant HARTOONIAN caused the Dodge to follow Postal Vehicle 1263392 to a new location after Postal Vehicle 1263392 was stolen.

<u>Overt Act No. 4</u>:   On September 30, 2023, defendant HARTOONIAN and/or other co-conspirators stole mail from Postal Vehicle 1263392.

<u>Overt Act No. 5</u>:   On September 30, 2023, defendant HARTOONIAN and/or other co-conspirators, after stealing mail from Postal Vehicle 1263392, abandoned Postal Vehicle 1263392 and drove away in the Dodge.

<u>Overt Act No. 6</u>:   On November 29, 2023, defendant QUITUGUA rented a black BMW SUV bearing California license plate 9JAK516 (the "BMW SUV").

<u>Overt Act No. 7</u>:   On December 4, 2023, defendants QUITUGUA and NUNEZ participated in the theft of Postal Vehicle 0239639 in Los Angeles, California, which was then driven to a separate location.

<u>Overt Act No. 8</u>:   On December 4, 2023, defendant QUITUGUA caused the BMW SUV to follow Postal Vehicle 0239639 after it was stolen to a new location.

<u>Overt Act No. 9</u>:   On December 4, 2023, defendants QUITUGUA, NUNEZ, and/or other co-conspirators stole mail from Postal Vehicle 0239639.

<u>Overt Act No. 10</u>:   On December 4, 2023, defendants QUITUGUA, NUNEZ, and/or other co-conspirators, after stealing mail from Postal Vehicle 0239639, abandoned Postal Vehicle 0239639 and drove away in the BMW SUV.

<u>Overt Act No. 11</u>:   On December 5, 2023, defendant VARMA rented a black Cadillac Escalade bearing California license plate 9FKK210 (the "Escalade").

Overt Act No. 12: On December 6, 2023, defendants ARVISO and NUNEZ participated in the theft of Postal Vehicle 0227816 in Los Angeles, California, and drove it to a separate location.

Overt Act No. 13: On December 6, 2023, defendants ARVISO, NUNEZ, and/or other co-conspirators stole mail from Postal Vehicle 0227816 and placed the stolen mail into the Escalade.

Overt Act No. 14: On December 6, 2023, defendants ARVISO, NUNEZ, and/or other co-conspirators, after stealing mail from Postal Vehicle 0227816, abandoned Postal Vehicle 0227816 and drove away in the Escalade.

Overt Act No. 15: On July 7, 2024, a co-conspirator rented a black BMW SUV bearing California license plate 9EWF527 (the "BMW SUV #2").

Overt Act No. 16: On July 9, 2024, defendant HARTOONIAN and/or other co-conspirators participated in the theft of Postal Vehicle 9206185 in Glendale, California, and drove it to a separate location.

Overt Act No. 17: On July 9, 2024, defendant HARTOONIAN and/or other co-conspirators caused the BMW SUV #2 to follow Postal Vehicle 9206185 after it was stolen to a new location.

Overt Act No. 18: On July 9, 2024, defendant HARTOONIAN and/or other co-conspirators, stole mail from Postal Vehicle 9206185.

Overt Act No. 19: On July 9, 2024, defendant HARTOONIAN and/or other co-conspirators, after stealing mail from Postal Vehicle 9206185, abandoned Postal Vehicle 9206185 and drove away in the BMW SUV #2.

Overt Act No. 20: On September 26, 2024, a co-conspirator rented a blue Mitsubishi Outlander bearing Oklahoma license plate 9LPS762 (the "Outlander").

<u>Overt Act No. 21</u>:  On September 26, 2024, defendant HARTOONIAN participated in the theft of Postal Vehicle 1256464 in Culver City, California, and drove it to a separate location.

<u>Overt Act No. 22</u>:  On September 26, 2024, defendant HARTOONIAN and other co-conspirators caused the Outlander to follow Postal Vehicle 1256464 after it was stolen to a new location.

<u>Overt Act No. 23</u>:  On September 26, 2024, defendant HARTOONIAN and/or other co-conspirators stole mail from Postal Vehicle 1256464.

<u>Overt Act No. 24</u>:  On September 26, 2024, defendant HARTOONIAN and/or other co-conspirators, after stealing mail from Postal Vehicle 1256464, abandoned Postal Vehicle 125646, and drove away in the Outlander.

<u>Overt Act No. 25</u>:  On October 12, 2024, defendant HARTOONIAN participated in the theft of Postal Vehicle 2202083 in Glendale, California, and drove it to a separate location.

<u>Overt Act No. 26</u>:  On October 12, 2024, defendant HARTOONIAN and/or other co-conspirators caused a black GMC SUV to follow Postal Vehicle 2202083 after it was stolen to a new location.

<u>Overt Act No. 27</u>:  On October 12, 2024, defendant HARTOONIAN and/or other co-conspirators stole mail from Postal Vehicle 2202083.

<u>Overt Act No. 28</u>:  On October 12, 2024, defendant HARTOONIAN and/or other co-conspirators, after stealing mail from Postal Vehicle 2202083, abandoned Postal Vehicle 2202083, and drove away in a black GMC SUV.

COUNTS TWO THROUGH SEVEN

[18 U.S.C. §§ 641, 2(a)]

The Grand Jury hereby realleges and incorporates by reference paragraphs 1 through 3 of this Indictment as though fully set forth herein.

On or about the dates set forth below, in Los Angeles County, within the Central District of California, defendants VEGEN HARTOONIAN, MARK ANTHONY QUITUGUA, JUAN NUNEZ, and JOSE ARVISO, as set forth below, each aiding and abetting the other and others known and unknown to the Grand Jury, knowingly and willfully stole, purloined, and converted to their own use property of the United States Postal Service (the "USPS"), a department and agency of the United States, having a value in the aggregate in excess of $1,000, namely, USPS Postal Vehicles, to which they knew they were not entitled, with the intent to deprive the USPS of the use and benefit of the vehicles:

| COUNT | DATE | DEFENDANTS |
|---|---|---|
| TWO | September 30, 2023 | HARTOONIAN |
| THREE | December 4, 2023 | NUNEZ and QUITUGUA |
| FOUR | December 6, 2023 | ARVISO and NUNEZ |
| FIVE | July 9, 2024 | HARTOONIAN |
| SIX | September 26, 2024 | HARTOONIAN |
| SEVEN | October 12, 2024 | HARTOONIAN |

                             COUNT EIGHT

                        [18 U.S.C. §§ 1708, 2(a)]

              [DEFENDANTS HARTOONIAN, QUITUGUA, and ARVISO]

     On or about January 10, 2024, in Los Angeles County, within the Central District of California, defendants VEGEN HARTOONIAN, MARK ANTHONY QUITUGUA, and JOSE ARVISO, each aiding and abetting the other and others known and unknown to the Grand Jury, unlawfully possessed mail matter that had been stolen and taken from the United States mail, namely, mail and mail matter addressed to various individuals and businesses, and at that time and place defendants HARTOONIAIN, QUITUGUA, and ARVISO knew that said mail and mail matter was stolen.

COUNT NINE

[18 U.S.C. §§ 1029(a)(3), 2(a)]

[DEFENDANTS HARTOONIAN, QUITUGUA, and ARVISO]

On or about January 10, 2024, in Los Angeles County, within the Central District of California, defendants VEGEN HARTOONIAN, MARK ANTHONY QUITUGUA, and JOSE ARVISO, each aiding and abetting the other and others known and unknown to the Grand Jury, knowingly and with intent to defraud, possessed at least fifteen unauthorized access devices (as defined in Title 18, United States Code, Sections 1029(e)(1) and (3)), namely, approximately 100 credit and debit cards, all belonging to persons other than defendants HARTOONIAIN, QUITUGUA, and ARVISO, with said possession affecting interstate and foreign commerce.

COUNT TEN

[18 U.S.C. §§ 1028A(a)(1), 2(a)]

[DEFENDANTS HARTOONIAN, QUITUGUA, and ARVISO]

On or about January 10, 2024, in Los Angeles County, within the Central District of California, defendants VEGEN HARTOONIAN, MARK ANTHONY QUITUGUA, and JOSE ARVISO, each aiding and abetting the other and others known and unknown to the Grand Jury, knowingly possessed, without lawful authority, means of identification that defendants HARTOONIAN, QUITUGUA, and ARVISO knew belonged to other persons, namely, the names of credit and debit cardholders, contained on approximately 100 credit and debit cards, during and in relation to the offense of Possession of Fifteen or More Unauthorized Access Devices, a felony violation of Title 18, United States Code, Section 1029(a)(3), as charged in Count Eight of this Indictment.

COUNT ELEVEN

[18 U.S.C. § 1029(a)(5)]

[DEFENDANT VARMA]

On or about December 5, 2023, in Los Angeles County, within the Central District of California, defendant SANJAY VARMA, with access devices (as defined in Title 18, United States Code, Section 1029(e)(1)) issued to another person, namely, the driver's license belong to victim J.L., the name of victim J.L., and the credit card account numbers issued to victim M.P., knowingly and with intent to defraud, effected transactions in and affecting interstate and foreign commerce, namely, a fraudulent purchase at a car rental company, the aggregate value of which totaled at least $1,000 within a one-year period.

## COUNT TWELVE

[18 U.S.C. § 1028A(a)(1)]

[DEFENDANT VARMA]

On or about December 5, 2023, in Los Angeles County, within the Central District of California, defendant SANJAY VARMA, knowingly possessed and used, without lawful authority, a means of identification that defendant VARMA knew belonged to another person, namely, the name of victim J.L., during and in relation to the offense of access device fraud, a felony violation of Title 18, United States Code, Section 1029(a)(5), as charged in Count Eleven of this Indictment.

FORFEITURE ALLEGATION ONE

[18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c)]

1. Pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure, notice is hereby given that the United States of America will seek forfeiture as part of any sentence, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), in the event of any defendant's conviction of the offenses set forth in any of Counts One through Eight of this Indictment.

2. Any defendant so convicted shall forfeit to the United States of America the following:

   (a) All right, title, and interest in any and all property, real or personal, constituting, or derived from, any proceeds traceable to the offenses; and

   (b) To the extent such property is not available for forfeiture, a sum of money equal to the total value of the property described in subparagraph (a).

3. Pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c), any defendant so convicted shall forfeit substitute property, up to the value of the property described in the preceding paragraph if, as the result of any act or omission of said defendant, the property described in the preceding paragraph or any portion thereof (a) cannot be located upon the exercise of due diligence; (b) has been transferred, sold to, or deposited with a third party; (c) has been placed beyond the jurisdiction of the court; (d) has been substantially diminished in value; or (e) has been commingled with other property that cannot be divided without difficulty.

13

FORFEITURE ALLEGATION TWO

[18 U.S.C. §§ 982(a)(2) and 1029]

1.  Pursuant to Rule 32.2(a) of the Federal Rules of Criminal Procedure, notice is hereby given that the United States will seek forfeiture as part of any sentence, pursuant to Title 18, United States Code, Sections 982(a)(2) and 1029, in the event of any defendant's conviction of the offenses set forth in any of Counts Nine through Twelve of this Indictment.

2.  Any defendant so convicted shall forfeit to the United States of America the following:

   (a)  All right, title, and interest in any and all property, real or personal, constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of the offense;

   (b)  Any personal property used or intended to be used to commit the offense; and

   (c)  To the extent such property is not available for forfeiture, a sum of money equal to the total value of the property described in subparagraphs (a) and (b).

3.  Pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Sections 982(b)(1) and 1029(c)(2), any defendant so convicted shall forfeit substitute property, up to the total value of the property described in the preceding paragraph if, as the result of any act or omission of the defendant, the property described in the preceding paragraph, or any portion thereof: (a) cannot be located upon the exercise of due diligence; (b) has been transferred, sold to or deposited with a third party; (c) has been placed beyond the jurisdiction of the

court; (d) has been substantially diminished in value; or (e) has been commingled with other property that cannot be divided without difficulty.

A TRUE BILL

/S/
Foreperson

BILAL A. ESSAYLI
United States Attorney

CHRISTINA T. SHAY
Assistant United States Attorney
Chief, Criminal Division

*Frances D. Lewis* (signature)

FRANCES S. LEWIS
Assistant United States Attorney
Chief, General Crimes Section

SHAWN ANDREWS
Assistant United States Attorney
Deputy Chief, General Crimes Section

JOSEPH S. GUZMAN
Assistant United States Attorney
General Crimes Section